IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LILLIE D. BENDER                                                                                         PLAINTIFF

VS.                                                                        CIVIL ACTION NO: 1:03cv764WJG-JMR

GULF COAST COMMUNITY ACTION
AGENCY, INC.                                                                                           DEFENDANT

MEMORANDUM OPINION

This cause is before the Court on the motion for summary judgment [21-1] filed by the Defendant, Gulf Coast Community Action Agency, Inc. [Gulf Coast], pursuant to Federal Rule of Civil Procedure 56. After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

Statement of Facts

The Plaintiff, Lillie D. Bender, worked for Defendant Gulf Coast for 17 years, eventually becoming the Deputy Director. On December 4, 2001, Plaintiff and the Executive Director of Gulf Coast met to review and discuss Plaintiff's alleged violations of Gulf Coast policy. In a letter to Plaintiff dated December 17, 2001, the Executive Director recalled the previous session and noted that Plaintiff had been given an opportunity to submit additional evidence or documentation for consideration. The letter indicated that no additional information had been submitted by Plaintiff. The Executive Director identified objectionable conduct by Plaintiff that violated Gulf Coast policy and recommended that Plaintiff resign. The Executive Director offered a final discussion regarding his recommendation but concluded that if Plaintiff did not

submit her letter of resignation by the next day, he would terminate her.  On December 18, 2001, the Executive Director entered a letter in Plaintiff's personnel file indicating that a staff meeting had revealed additional grounds for her immediate termination.  The letters of December 17 and 18, 2001, highlight, *inter alia*, lapses in supervisory authority, disregard for agency procedures, verbal abuse of agency personnel and falsification of records.  The Executive Director promptly terminated Plaintiff's employment.

In turn, Plaintiff filed a grievance that was heard as an appeal before Gulf Coast's Board of Directors.[1]  After hearing the issues, the Board of Directors affirmed the Executive Director's decision to terminate Plaintiff.  On May 6, 2002, Plaintiff filed a charge of sex discrimination with the EEOC, alleging that she was denied due process and subjected to disparate treatment based upon her gender.  On September 25, 2003, within 90 days of receiving from the Equal Employment Opportunity Commission EEOC [EEOC] her requested notice of right to sue, Plaintiff initiated the instant suit seeking declaratory and injunctive relief and damages for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* [Title VII], and "fundamental fairness and due process required by her employment contract."[2]

---

[1] The parties appear to disagree whether Plaintiff's grievance either was heard by the Grievance Committee and its decision ratified by the Board of Directors or was heard by the Board of Directors as an appeal of the Executive Director's decision.  This factual dispute is not material to the Court's reasoning or conclusion.

[2] The Complaint is unclear whether Plaintiff's allegation that Gulf Coast violated "fundamental fairness and due process required by her employment contract" derives from federal or state law.  Plaintiff's response to interrogatories states that her "rights were violated under . . . the 14th Amendment and like provisions under Mississippi Law."  (Ct. R., Att. 2, p. 15.)  The Court does not consider Plaintiff's claim as brought pursuant to the Fourteenth Amendment for two reasons: (1) Plaintiff alleges in the Complaint that Gulf Coast is a "private corporation," (Compl., ¶ 6), not a state actor subject to the Fourteenth Amendment; and (2) Plaintiff cannot show that she was deprived of a constitutionally protected liberty or property interest, i.e. entitlement to continued employment.  *See Pruett v. Dumas*, 914 F. Supp. 133, 137 (N.D. Miss. 1996).  Plaintiff's response to interrogatories, however, goes on to state that the "denial of a grievance hearing was also a breach of contract under Mississippi Law."  (Ct. R.,Att. 2, p. 15.)  Consequently, the Court will treat Plaintiff's deprivation of due process allegation as a breach of contract claim under state law.

(Compl., ¶ 1.) Gulf Coast filed the present motion for summary judgment on grounds that Plaintiff cannot sustain her burden of proof regarding her sexual discrimination and retaliation claims and that Mississippi's adherence to the employee at-will doctrine defeats any state law claims for breach of contract.

## Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and by his own affidavits, or by depositions, answers to interrogatories, and admissions on file, present specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). If the nonmovant fails to discharge his burden, summary judgment is implicated.

## Discussion

Gulf Coast filed the present motion for summary judgment on grounds that Plaintiff cannot sustain her burden of proof regarding her sexual discrimination and retaliation claims and that Mississippi's adherence to the employee at-will doctrine defeats any state law claims for breach of contract. The Court will address each of these arguments in turn.

I.  Title VII

Under Title VII, an employer cannot "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  To survive summary judgment in an action pursuant to Title VII, Plaintiff must satisfy the burden shifting test found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and recently reaffirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000).  Under this test, Plaintiff must first establish a *prima facie* case of discrimination, and if she successfully does so, Defendant shall respond by setting forth its legitimate, non-discriminatory reason for its decision.  *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005).  If Defendant produces a legitimate reason, any presumption of discrimination raised by Plaintiff's *prima facie* case vanishes.  *Id.*  Plaintiff may still avoid summary judgment, however, if she demonstrates a genuine issue of material fact whether the legitimate reasons proffered by Defendant are not its true reasons, but instead are a pretext for discrimination.  *Id.*

    A.  Sexual Discrimination

Plaintiff alleges that she was discharged based on her sex.  Having offered no direct evidence of discrimination, Plaintiff may establish her *prima facie* case for discrimination by showing that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably.  *Septimus*,

399 F.3d at 609. In her Complaint, Plaintiff specifically alleges that a similarly situated male was disciplined less severely for violating Gulf Coast policy.[3] (Compl., ¶ 9.)

Plaintiff fails to establish her *prima facie* case because she cannot prove that similarly situated males were treated more favorably. To demonstrate that another employee outside the protected class is "similarly" situated, Plaintiff must show that the alleged misconduct of both employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001). Plaintiff offers no evidence that the conduct for which she was terminated was nearly identical to the conduct of male employees who received a lesser penalty.

Specifically, Plaintiff identifies Ted Anderson as a similarly situated male employee. (Ct. R., Doc. 25, Att. 1, p. 1.) Anderson was the Director of the Head Start Program for Gulf Coast, and significant deficiencies were noted in the program. (*Id.*) Anderson was provided a private consultant and 60-days notice to remedy the deficiencies. (*Id.*) Ultimately, Anderson failed and was given another job at Gulf Coast. (*Id.*) Plaintiff does not argue that Anderson's conduct was nearly identical to her own. Rather, Plaintiff's citation to Anderson's case provides only the broadest example of one director failing and being reassigned while another director failed and was terminated.

As attested by Gulf Coast's Executive Director, Anderson put forth major effort to remedy deficiencies, never submitted false and inaccurate reports and never verbally abused his staff or other personnel. (Ct. R., Doc. 21, Att. 1, p. 11.) Among other reasons, Plaintiff was terminated for failing to exert any effort to remedy program deficiencies, for submitting false and inaccurate reports and for verbally abusing her staff and other personnel. (*Id.* at pp. 9-11, 36-40.) Plaintiff

---

[3]Notably, Plaintiff was replaced by another female.

has failed to draw any meaningful similarity between her conduct and Anderson's conduct. Because Plaintiff cannot show that any other similarly situated male employees were treated more favorably than she, Plaintiff has failed to establish a *prima facie* case of sexual discrimination.

Assuming, *arguendo*, that Plaintiff could establish a *prima facie* case, Plaintiff has come forward with no evidence indicating that Gulf Coast's legitimate and non-discriminatory reasons for terminating Plaintiff were a pretext for discrimination. As reasons for her termination, the Executive Director for Gulf Coast submitted a sworn affidavit attesting that:

1. BENDER failed to take any form of corrective action during the seven (7) month period after she was first informed of the deficiencies in the CSBG/LIHEAP programs;
2. No changes were implemented to address the irregularities noted in the Task Force report established to fix various problems under BENDER's supervision;
3. Refused to accept responsibility for the deterioration of program operations over the entire year up to the point of her termination;
4. Refused to acknowledge that there were not [sic] problems that fell within the purview of her responsibilities nor that she had any responsibility to correct the subsequent irregularities and errors;
5. Was untruthful in her verbal reports to the Executive Director about the status of the program expenditure and the accuracy of the data entry as documented by the Task Force reports;
6. Submitted incorrect written management reports to the Fiscal Department of GCCAA [Gulf Coast] and became verbally abusive when she was informed that the reports were incorrect and incomplete;
7. Failed to assure implementation of the MS-ROMA database system in the entire year of 2001, causing the program to operate without an accurate tracking mechanism which caused numerous problems;
8. Assigned an inexperienced supervisor to be the point of contact for the system which gave her full access to the system records;
9. Allowed this supervisor to use temporary staffing to enter in to the data system using the system ID's and passwords of regular employees;
10. Failed to directly monitor or oversee the CSBG/LIHEAP program;
11. Failed to follow up on staff complaints that the supervisor she appointed was manipulating client records;
12. Was verbally abusive to subordinate staff and took retaliatory actions against many of those who reported problems that were not being addressed; and

       13.    Used loud and obscene language to some GCCAA staff.

(Ct. R., Doc. 21, Att. 1, pp. 9-10.)  Gulf Coast's proffered reasons for termination are supported by the letters authored by the Executive Director on December 17 and 18, 2001, the findings of the Task Force appointed to investigate Plaintiff's work and the memoranda and letters submitted by other personnel confirming Plaintiff's abusive conduct.  (*Id.* at pp. 36-40; Att. 2, pp. 1-6, 7-12.)

      In response, Plaintiff provided a detailed defense of her conduct and denial of Gulf Coast's accusations that formed the basis for her termination.  Even assuming Plaintiff's arguments adequately dispute whether she was guilty of the conduct for which Gulf Coast terminated her (which her arguments do not), Plaintiff misses the most pertinent point.  Gulf Coast may terminate Plaintiff for any reason or no reason, so long as the reason is not unlawful.  It does not matter whether Gulf Coast's basis for termination was correct so long as the reason was not sexually discriminatory.

      On this matter, Plaintiff fails to offer anything that even hints at discrimination.  The mere fact that Anderson was reassigned whereas Plaintiff was terminated does not sufficiently raise a material fact issue concerning discriminatory intent by Gulf Coast. Plaintiff's belief that Gulf Coast's decision was motivated by discrimination, however genuinely held, is not sufficient evidence of pretext.  *See Septimus*, 399 F.3d at 610.  Simply put, Plaintiff has offered no probative evidence that Gulf Coast's decision to terminate Plaintiff was motivated by discrimination.  Consequently, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding her claim of sexual discrimination, and determines Gulf Coast is entitled to judgment as a matter of law.

B. <u>Retaliation</u>

In her Complaint, Plaintiff concludes that she was retaliated against. (Compl., ¶ 1). To make out a *prima facie* case of retaliation, Plaintiff must provide evidence of three things: (1) she engaged in protected conduct, (2) she was thereafter subjected to an adverse employment action, and (3) the adverse employment action was taken in response to her protected conduct. *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 330 (5th Cir. 2004).

At the outset, the Court notes that Plaintiff, although given the opportunity, failed to identify or discuss retaliation in her charge of discrimination to the EEOC. (Ct. R., Doc. 25, Att. 1, p. 14.) Under Title VII, an individual bringing suit must follow certain administrative requirements, such as filing a charge with the EEOC, as a precondition to the filing of a lawsuit in district court. *Taylor v. Books A Million,* 296 F.3d 376, 379 (5th Cir.2002). Courts have no jurisdiction to consider Title VII claims where the aggrieved party has not exhausted administrative remedies. *Id*. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-9 (5th Cir.1996). Generally, where the EEOC charge alleges only one theory of discrimination, as in the present case, the plaintiff cannot advance additional grounds of discrimination in her court action related to that charge. *Thomas v. Texas Dep't of Crim. Justice,* 220 F.3d 389, 395 (5th Cir.2000). Simply put, the scope of Plaintiff's Title VII claims in this Court is limited to the scope of her charge to the EEOC, which does not include a claim for retaliation. *See id.* Consequently, this Court finds that Gulf Coast's motion for summary judgment should be granted regarding Plaintiff's claim of retaliation.

Even discounting Plaintiff's failure to exhaust administrative remedies, Plaintiff fails to establish her *prima facie* case for retaliation. Plaintiff alleges that she objected to the treatment she received versus that received by Anderson. The objection, however, apparently took place after the Executive Director terminated Plaintiff, thus such activity would not satisfy any of the prongs necessary to establish her *prima facie* case. Consequently, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding her claim of retaliation, and determines Gulf Coast is entitled to judgment as a matter of law.

II.     Breach of Contract

Plaintiff's breach of contract claim is based on Gulf Coast's failure to follow the procedure for termination outlined in the Policy and Procedure Manual [the Manual]. Gulf Coast points out, however, that the Manual states in all-capital, bold-faced print as follows:

> THIS DOCUMENT IS INTENDED FOR THE MANAGEMENT AND EMPLOYEE GUIDANCE ONLY AND IS NOT INTENDED TO SET FORTH ANY BINDING RIGHTS OR TO BE A CONTRACT. ALL EMPLOYMENT IS AT-WILL. THE HANDBOOK IS ONLY A GUIDE.
>
> THE PROGRAM RESERVES THE RIGHT TO ELIMINATE OR CHANGE THE POLICIES CONTAINED IN THIS MANUAL AT ANY TIME, TO CANCEL ANY POLICY OR TO DECLINE ANY POLICY TO A GIVEN SITUATION. IF IN ITS DISCRETION TO DO SO WILL BEST SERVE THE ORGANIZATIONS INTEREST.

(Ct. R., Doc. 21, Att. 2, p. 16.) Based on this language and the fact that Plaintiff did not have an employment contract, Gulf Coast asserts that it is entitled to summary judgment.

Mississippi recognizes the doctrine of at-will employment, and the Mississippi Supreme Court has interpreted only two circumstances that would be excepted from the at-will doctrine:

> (1) an employee who refuses to participate in an illegal act . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; and

>(2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

*McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 607 (Miss. 1993). Further narrowing these exceptions, the Mississippi Court of Appeals has held that the public policy exception requires that "the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties." *Hammons v. Fleetwood Homes of Mississippi, Inc.*, 907 So. 2d 357, 390 (Miss. Ct. App. 2004). Plaintiff does not allege illegal acts that would warrant the imposition of criminal penalties as grounds for her breach of contract claim, thus the *McArn* exceptions do not apply.

A third situation, however, exists in which the at-will doctrine may be abrogated. In *Bobbitt v. Orchard, Ltd.*, the Mississippi Supreme Court held that when an employer disseminates a handbook to employees with specific procedures for disciplinary actions that does not contain a disclaimer asserting the employee's continued at-will status, the employer must abide by the procedures to terminate an employee. *Bobbitt*, 603 So. 2d 356, 361-62 (Miss. 1992). Unlike in *Bobbitt*, however, the Manual in this case clearly asserts the continued validity of Plaintiff's at-will status and emphasizes that the Manual is only offered as guidance, setting forth no rights and creating no contract. Under these circumstances, the at-will doctrine is not abrogated, and any failure to follow procedures is not grounds for a breach of contract/wrongful discharge claim. *Byrd v. Imperial Palace of Mississippi*, 807 So. 2d 433 (Miss. 2001). Consequently, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding her claim of breach of contract, and Gulf Coast is entitled to judgment as a matter of law.

<u>Conclusion</u>

For the reasons stated herein, this Court finds that Defendants' motion for summary judgment [21-1] should be granted.  A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS the 28th day of March, 2006.

*Walter J. Gex III*<br>
UNITED STATES SENIOR DISTRICT JUDGE